[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #111, MOTION FOR SUMMARY JUDGMENT
 FACTS
The plaintiffs allege that on November 16, 1998, at approximately 7:40 a.m., the plaintiff, Hattice Demir was a pedestrian standing on the sidewalk in front of Carrigan Middle School, in the City of West Haven Connecticut. At said time and place the defendant, William J. Susko was operating a school bus owned by the defendant Winkle Bus Company, Inc. The plaintiffs further allege that the school bus that was being operated by Williams suddenly and without warning began traveling from its stopped position and traveled across the curb and onto the sidewalk where it collided with the plaintiff Hattice Demir, causing the plaintiff injuries.
On October 1, 2001, the plaintiff filed a Motion for Summary Judgment as to the issues of liability.
 DISCUSSION
CT Page 14523
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nomnoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001) Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The plaintiff filed the following documents along with its motion:
1) A copy of the Police Report concerning the incident.
No supporting affidavits, certified transcripts, testimony under oath, disclosures, written admissions or like documents were submitted by the moving party.
The plaintiff in this matter relies on an unsworn statement in an uncertified document to meet the documentary requirements of the provisions of § 17-45 of the Connecticut Practice Book. CT Page 14524
The documentation offered by the plaintiffs does not constitute the type of documentary proof that is required for a Motion for Summary Judgment. The Motion for Summary Judgment is denied.
Richard A. Robinson, J October 22, 2001